[Crim. No. 1069. Second Appellate District, Division Two.—June 4, 1924.]

In the Matter of FRANK GOMA, on Habeas Corpus.

[Crim. No. 1083. Second Appellate District, Division Two.—June 4, 1924.]

In the Matter of the Application of JOSE REYES for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF FIREARMS. On these proceedings in *habeas corpus,* the writs were discharged and the petitioners remanded, on the authority of *In re Rameriz,* 193 Cal. 633.

PROCEEDINGS in Habeas Corpus to secure the release of petitioners from custody on a charge of violating the state firearms law. Writs discharged and petitioners remanded.

The facts are stated in the opinion of the court.

Scott Reynolds for Petitioner Goma.

L. A. Enos and John R. Stowe for Petitioner Reyes.

Edward Henderson, District Attorney, and James C. Hollingsworth, Deputy District Attorney, for Respondent in Crim. No. 1069.

1. See 8 R. C. L. 287.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent in Crim. No. 1083.

WORKS, J.—Each of the petitioners in the above-entitled proceedings is imprisoned upon a charge of having violated the provisions of a statute (Stats. 1923, p. 695) forbidding the possession by unnaturalized foreign-born persons of firearms of a certain character and description. [1] Petitioners contend that the act is unconstitutional on various grounds, but its constitutionality has recently been upheld by a decision of the supreme court which passes upon every question presented to them. See *In re Rameriz*, 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914], where the provisions of the statute in question are more particularly set forth.

In each of these proceedings the writ is discharged and the petitioner is remanded.

Finlayson, P. J., and Craig, J., concurred.